■ OSTEN THOMAS, Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.—Order of the Supreme Court, New York County, entered in the office of the clerk on March 23, 1976, granting petitioner-respondent permission to institute an action against appellant MVAIC, reversed on the facts, and the petition dismissed, without costs and without disbursements. Although a view has been expressed that the case be remanded for a new hearing at which petitioner might be able to submit further evidence in support of his claim that he was, indeed, the victim of a hit-and-run driver, a majority of the court is of the opinion that the petition should be dismissed. The police officer, assigned to the vicinity where petitioner claimed he was the victim of a hit-and-run accident, had no knowledge of such occurrence, although petitioner claimed that two police officers were present after he was struck and that they summoned an ambulance whereby he was taken to a hospital. The ambulance report makes no mention of police assistance at the scene. In fact, no police report, either from the Police Communications Bureau or from any police observer, was produced to support petitioner's claim that he was injured as alleged. In addition, the two "friends" in whose company petitioner claimed to be at the time of the occurrence were not produced at the hearing, although it would appear that petitioner had more than sufficient time to obtain their attendance to testify in his behalf. Concur—Birns, Nunez and Yesawich, JJ.;

Kupferman, J. P., and Capozzoli, J., dissent in part in the following memorandum: We dissent in part from the determination of the majority and, instead of dismissing the petition, would remand for a rehearing to afford an opportunity to the petitioner to submit additional evidence which may be available.